Filed 5/23/13  Kenner v. Powell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| DAVID KENNER, | C068740 |
| Cross-complainant and Respondent, | (Super. Ct. No. SCV23915) |
| v. | |
| KELVIN POWELL, | |
| Cross-defendant and Appellant. | |

After David Kenner was sued for breach of contract by Time Payment Corporation, he cross-complained for breach of contract, fraud, and common counts against Kelvin Powell and others.  Following an unreported court trial, the court entered judgment in Kenner's favor.

Cross-defendant Powell, appearing in pro se as he did in the trial court, appeals on the judgment roll.  He contends the trial court erroneously admitted some evidence, refused to admit other evidence, misinterpreted the parties' contract, and erred in computing the amount of damages.  On this record, we find no error, and shall affirm the judgment.

1

BACKGROUND

We treat this case as an appeal on the judgment roll, because it reaches us based on a clerk's transcript. (Cal. Rules of Court, rule 8.832 (further references to rules are to the Cal. Rules of Court; hereafter Rule or Rules); cf. *Dumas v. Stark* (1961) 56 Cal.2d 673, 674; *Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.) Because the case is presented in this posture, we presume that the trial court's findings of fact are supported by substantial evidence, and its conclusions of law are binding upon us unless error appears on the face of the record. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

On this extremely limited appellate record, we cannot discern the precise nature of the parties' dispute. Neither the complaint nor the cross-complaint appears in the record. Powell's answer to the cross-complaint identifies the causes of action raised by Kenner, and states various affirmative defenses.

The cross-complaint was tried to the court; the trial was unreported. Kenner, Powell, and cross-defendant Katanya Maina testified. Fifteen documentary exhibits were admitted into evidence; four appear in the record on appeal. At the close of trial, the court took the matter under submission and directed all parties to submit a written "summary of their evidence and argument presented to the court" and proposed judgment. Powell's summary of argument, summary of evidence, and proposed judgment are the only ones that appear in the appellate record.

The trial court ultimately entered judgment in favor of Kenner and against all cross-defendants -- including Powell -- in the amount of $76,636.44, including prejudgment interest, costs, and attorney fees.

DISCUSSION

*I. Applicable Standards of Review*

On appeal, we must presume the trial court's judgment is correct. In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless

2

the record expressly contradicts them. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) Thus, an appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails to do so, the argument is forfeited. (*Nielsen v. Gibson, supra,* 178 Cal. App. 4th at p. 324; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

The California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal. The choices include a reporter's transcript, a clerk's transcript, an agreed statement, and a settled statement. (Rules 8.120, 8.122, 8.128, 8.129, 8.134, 8.137.) Powell has elected to proceed with the clerk's transcript.[1] (Rule 8.122.) Because Powell provides us only the clerk's transcript, we " 'must conclusively presume that the evidence is ample to sustain the [trial court's] findings . . . .' " (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Rule 8.163.)

*II. Powell's Opening Brief Fails to Comply With the California Rules of Court*

Pursuant to Rule 8.204(a)(1)(C), a party must provide a citation to evidence in the record supporting any matter asserted in a brief. In his 13-page "Statement of Facts," Powell provides only a handful of citations to evidence in the record, leaving several pages without a single evidentiary reference. He also cites in several instances to the original superior court file, which is not in the record on appeal. His failure to identify

---

[1] When Powell prepared his appellate brief, he apparently intended instead to provide the original superior court file in lieu of a clerk's transcript.

evidence in the record is doubtless due in large part to his decision not to arrange for a court reporter or, lacking a reporter's transcript as part of the record, to proceed on appeal by agreed or settled statement.  Whatever the reason for his failures, to the extent that his conclusory assertions lack evidentiary support and proper citation to the record, we are compelled to disregard them.  (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1037; *In re S.C.* (2006) 138 Cal.App.4th 396, 406 ["When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made"]; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826-827, fn. 1 ["It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references.  Upon the party's failure to do so, the appellate court need not consider or may disregard the matter."].)

We are mindful that Powell appears without the benefit of counsel.  However, "mere self-representation is not a ground for exceptionally lenient treatment.  Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  A party representing himself is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants and attorneys.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; see *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 [self-represented parties are held to the "the same 'restrictive procedural rules as an attorney' "].)

III.  *Powell Fails to Show Reversible Error*

Powell argues the trial court erred in (1) admitting two agreements -- a lease and a promissory note -- over his objection at trial, and in (2) in excluding correspondence proffered as evidence by codefendant Maina.  Powell's failure to provide a transcript or settled statement of the trial prevents our entertaining either argument, and they are

forfeited. (*Nielsen v. Gibson, supra,* 178 Cal. App. 4th at p. 324.) Without any means of evaluating these matters for ourselves, we must assume the trial court did the right thing when it admitted evidence and/or ruled on evidentiary objections because we must presume on appeal that official duties have been regularly performed (Evid. Code, § 664), and this presumption extends to the actions of trial judges. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 8-9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done"].)

Nor can we consider Powell's contention that the trial court "misinterpreted" the parties' contract. Powell acknowledges that contract interpretation involves questions of fact; without any means of discerning the evidence adduced at trial, we must conclusively presume that the evidence presented was ample to sustain the trial court's findings. (*Ehrler v. Ehrler, supra,* 126 Cal.App.3d at p. 154.) For example, prior to entering judgment, the trial court expressly and "carefully reviewed" all of the evidence in the case, which included testimony by Kenner, Powell, and Maina. We must conclusively defer to the trial court's implicit determination on issues of credibility (See *Lenk v. Total-Western, Inc*. (2001) 89 Cal.App.4th 959, 968) and, as the trial court entered judgment for Kenner on his cross-complaint, we must conclude the evidence supports that judgment.

Finally, Powell contends the trial court erred in "computing the amount of damages" because no damages are proper "in respect of an unenforceable contract." The trial court apparently credited Kenner's contract claim and, as we have explained, we must assume the evidence adduced at trial supported the judgment. We likewise decline to consider Powell's assertion that the trial court erred in awarding costs and attorney fees because "[Powell] did not agree to pay for costs and attorney's fees in case of a lawsuit." The trial court's award of fees and costs against all cross-defendants implies its finding that there exists a legal basis for awarding them. In this judgment roll appeal, we presume the evidence supports that finding.

5

In sum, Powell has not demonstrated error "on the face of the record" sufficient to warrant reversing the judgment.  (Cf. Rule 8.163.)

## DISPOSITION

The judgment is affirmed.  Kenner is awarded his costs on appeal.  (Rule 8.278(a)(2).)


    BLEASE           , Acting P. J.


We concur:


    MURRAY         , J.


    DUARTE         , J.